J-S33035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PEDRO SILVA | : | |
| | : | |
| Appellant | : | No. 880 EDA 2017 |

Appeal from the Judgment of Sentence February 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008733-2016,
MC-51-CR-0019953-2016


BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED JUNE 18, 2018**

Appellant, Pedro Silva, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after the court, sitting as finder of fact in his non-jury trial, found him guilty of one count of impersonating a public servant, 18 Pa.C.S. § 4912.  Herein, Appellant contends the evidence was insufficient to support the verdict.  We affirm.

The trial court sets forth the following relevant facts and procedural history:

> On July 8, 2016, between 6:30 pm and 7:00 pm the defendant [hereinafter "Appellant"], Pedro Silva, went to the home of Ms. Lisa Marie Acevedo on Tampa Street in Philadelphia, PA.  Appellant knocked on the door and informed Ms. Acevedo that the neighbors had been complaining of a car that [had not] been moved for a few months.  The referenced car was a black Jeep Cherokee belonging to Ms. Acevedo's aunt, Helen Dangleman.  Appellant told Ms. Acevedo that he worked for PennDOT, and that he was going to tow the vehicle.  Appellant failed to show any

_____
\*   Former Justice specially assigned to the Superior Court.

identification, badge, or ID identifying him as a PennDOT or Department of Transportation employee. Nonetheless, following this brief conversation, Ms. Acevedo walked with Appellant to the vehicle's location. Upon arrival at the vehicle, Appellant and Ms. Acevedo discussed the registration and inspection of the vehicle[, during which Appellant informed Ms. Acevedo that "the car was not legal."]

Following the discussion, Ms. Acevedo returned to her house to get the vehicle registration paperwork in order to demonstrate that the vehicle was properly registered. After obtaining the paperwork Ms. Acevedo, who had been joined by her husband, returned to the vehicle and observed that the Jeep Cherokee was tied to a white Chevy Silverado Z71 owned by Appellant. While Appellant and Ms. Acevedo's husband were engaged in discussion over the Jeep Cherokee, Appellant told Ms. Acevedo's husband that he worked for the DOT.

[Appellant got on his phone and talked as if he was speaking to someone in an office. He said, "Yeah, they are arguing about taking the vehicle. I'm going to go to the district now."] Next, Ms. Acevedo called the police department to inform them of the situation. Appellant then informed Ms. Acevedo that he was leaving to go to the district and subsequently left in the white Chevy Silverado.

Shortly thereafter, police officers arrived to the location of Ms. Acevedo and her husband. Ms. Acevedo provided a description of Appellant to the police officers. The officers were able to apprehend Appellant at the intersection of Front and Hunting Park, behind a U-Haul. Following the arrest of Appellant, he was later identified at the location of arrest by Ms. Acevedo.

[On the same day,] Appellant was arrested and charged with one count of criminal attempt of theft by unlawful taking,[] one count of criminal attempt of theft by deception,[] and one count of impersonating a public servant.[]

On February 14, 2017, Appellant waived his right to a jury trial and was tried before the Honorable Lucretia Clemons in a bench trial. The trial court convicted Appellant of the one count of impersonating a public servant and found Appellant not guilty as to all other charges. On the same day, the trial court sentenced Appellant to three to six months incarceration followed by one

year of reporting probation. Appellant was given credit for time served and was subject to immediate parole. Shortly thereafter, on March 9, 2017, Appellant filed a Notice of Appeal to the Superior Court.

On April 19, 2017, Appellant filed a concise statement of errors complained of on appeal contending that the trial court erred in finding that there was sufficient evidence to prove beyond a reasonable doubt that Appellant was guilty of the criminal offense of impersonating a public servant.

Trial Court Opinion, 6/13/17, at 1-3 (footnotes omitted).

Appellant presents one question for our review:

**DID THE TRIAL COURT ERR WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE TO PROVE, BEYOND A REASONABLE DOUBT, THAT APPELLANT, PEDRO SILVA, WAS GUILTY OF THE CRIMINAL OFFENSE OF IMPERSONATING A PUBLIC SERVANT?**

Appellant's brief, at 2.

Appellant challenges the sufficiency of the evidence underlying his conviction for impersonating a public servant. We are guided by the following principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record

must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540–541 (Pa.Super. 2017) (citation omitted).

The Crimes Codes defines the offense of impersonating a public servant as follows: "A person commits a misdemeanor of the second degree if he falsely pretends to hold a position in the public service with the intent to induce another to submit to such pretended authority or otherwise to act in reliance upon that pretense to his prejudice." 18 Pa.C.S. § 4912. Further, a "public servant," is defined as: "[a]ny officer or employee of government, including members of the General Assembly and judges, and any person participating as juror, advisor, consultant or otherwise, in performing a governmental function; but the term does not include witnesses." 18 Pa.C.S. § 4501.

Appellant contends the evidence was insufficient to allow for the reasonable inference that he intended to induce Ms. Acevedo and her husband to submit to his pretended authority. On the day in question, it was undisputed that Appellant was wearing plain clothes—jeans and a red shirt, showed no badge or identification of any kind, and was driving an ordinary pick-up truck, not a tow truck. Appellant's brief at 9, 11-12. Therefore, Appellant argues, one could not reasonably infer the requisite intent where it was impossible for the complainants to have believed he was a PennDOT employee prepared to tow their aunt's SUV in the first place. We disagree.

We find that, when viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the Commonwealth presented sufficient evidence to support Appellant's conviction for impersonating a public servant. At the outset, we note the trial court credited the testimony of Ms. Acevedo over that of Appellant. Ms. Acevedo testified that Appellant came to her home and held himself out as a PennDOT employee tasked with having her aunt's SUV towed because it was "not legal," having been parked in the same location indefinitely while bearing expired tags. N.T. 2/14/17, at 12-15, 22. The two walked to the SUV, where Appellant showed Ms. Acevedo the expired registration stickers. Acevedo claimed she kept the current stickers in her home because stickers had been removed from the vehicle in the past, and she walked back to her home to retrieve them as proof. N.T. at 13-14.

When she returned with her husband to show Appellant the current registration stickers, they noticed Appellant had the SUV tied to his pick-up truck. N.T. at 14. Appellant then repeated his claim of authority and intent to tow the vehicle to Ms. Acevedo's husband. N.T. at 16. According to Ms. Acevedo, when she and her husband protested, Appellant appeared to place a call on his cell phone in an official capacity, as if he were reporting on his assignment to tow the vehicle, saying ""Yeah, they are arguing about taking the vehicle. I'm going to go to the district now." N.T. at 17, 27. Ms. Acevedo then called the police to report the situation, while her husband removed the rope connecting the two vehicles. N.T. at 17. At that point, Appellant said he was "going to the district[,]" and left the scene. N.T. at 17.

The reasonable inference from Appellant's conduct and statements, viewed under our standard of review, established beyond a reasonable doubt that Appellant acted with the intent to induce Ms. Acevedo and her husband into believing he was a PennDOT employee authorized to tow their aunt's vehicle from its present location to their prejudice. As such, Appellant presented himself as a public servant as proscribed under Section 4912. Accordingly, we reject Appellant's sufficiency of the evidence claim as meritless.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18